# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

DONTA MCCARGO,              :
                               :
            Plaintiff        :     Civ. No. 13-0868 (RBK) (KMW)
                               :
        v.                     :     **OPINION**
                               :
CAMDEN COUNTY JAIL, et al.,    :
                               :
            Defendants.     :
_____ :

## ROBERT B. KUGLER, U.S.D.J.

### I.      INTRODUCTION

Plaintiff is currently incarcerated at the Camden County Correctional Facility in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an application to proceed *in forma pauperis* which will be granted and the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with prejudice as to defendant the Camden County Jail and dismissed without prejudice as to defendants Taylor and Pizario.

### II.      BACKGROUND

For purposes of screening the complaint, the allegations of the complaint will be accepted as true. Plaintiff names three defendants in this action; specifically: (1) the Camden County Jail; (2) Warden Eric Taylor; and (3) Deputy Warden Anthony Pizario.

Plaintiff alleges that the conditions of the Camden County Jail are inhumane. Plaintiff states that there is mold in the showers, there are three or four people to a cell when only two are supposed to be housed in each room, servings of food are too small and that there is no running hot water in the rooms. Furthermore, he claims that there are fruit flies and other bugs that "thrive under these conditions" and are known carriers of germs and disease. (Dkt. No. 1 at p. 3, 4.) He states that he has filed grievances based on the conditions of confinement but never received any response.

## III.    STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B.  Section 1983 Actions

   A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

# IV.    DISCUSSION

A.  <u>Camden County Jail</u>

Plaintiff first names as a defendant the Camden County Jail.  The claims against the

Camden County Jail will be dismissed with prejudice for failure to state a claim as the jail is not

a "person" subject to suit under § 1983.  *See Parrish v. Ocean Cnty. Jail*, No. 13-2020, 2013 WL

5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to

suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail*, No. 12-338, 2013

WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is

not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills*, No. 09-4259, 2012 WL

762166, at *4 (D.N.J. Mar. 7, 2012) (dismissing Cumberland County Jail from lawsuit because it

is not a person subject to § 1983 liability) (citations omitted).

B.  <u>Defendants Eric Taylor and Anthony Pizario</u>

To state a claim under the Eighth Amendment for cruel and unusual punishment, a

plaintiff must allege both an objective and a subjective component.  *See Wilson v Seiter*, 501

U.S. 294, 298 (1991), *see also Counterman v. Warren Cnty. Corr. Facility*, 176 F. App'x 234,

238 (3d Cir. 2006).  Only "extreme deprivations" are sufficient to make out an Eighth

Amendment claim.  *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992).  As to the objective

component, only those deprivations denying the "minimal civilized measure of life's

necessities," which includes food, clothing, shelter, sanitation, medical care and personal safety

qualify as sufficiently grave to form the basis of an Eighth Amendment violation.  *See Betts v.

New Castle Youth Dev. Ctr.*, 621 F.3d 249 (3d Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S.

825, 835 (1994)).  As to the subjective component, the plaintiff must show that the prison official

acted with deliberate indifference to the prisoner's health or safety.  *See Wilson*, 501 U.S. at 298-

99.  Thus, "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff fails to allege sufficient facts with respect to the subjective component as to defendants Taylor and Pizario.  Plaintiff states in the complaint that he filed grievances and attempted to contact "these individuals" (presumably Taylor and Pizario) but received no response.  Importantly, however, the complaint does not allege that either Taylor or Pizario were ever involved in reviewing plaintiff's grievances.[2]  Furthermore, while plaintiff alleges that he attempted to contact these individuals, the complaint does not allege that he ever in fact did so to

---

[2] It is worth noting that numerous courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as she "'is personally involved in that violation because [s]he is confronted with a situation [s]he can remedy directly.'"  *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer*, No. 11-6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5, 2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that ongoing violation through the grievance process, failed to remedy that wrong. Those allegations . . . are adequate to state a claim against Lee.") (citations omitted); *Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012); *Williams v. Johnson*, No. 10-1290, 2011 WL 1396967, at *5 (E.D. Va. Apr. 11, 2011) ("In support of his argument, Williams states that Johnson was made aware of these violations through appeals to denials of grievances that Williams filed.  To the extent that the [allegations] relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty. Prison*, No. 10-535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the events forming the basis of a prisoner's claims.") (citing *Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003)), *report and recommendation adopted by*, 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010).  In this case, however, while plaintiff may have alleged an ongoing condition of confinement violation, the complaint does not allege that defendants Taylor or Pizario were involved in reviewing plaintiff's grievances to impute the required knowledge to sustain the claim.

make Taylor or Pizario aware of the conditions complained of or to permit that inference to be drawn.  Thus, in the absence of any allegations that defendants Taylor and Pizario were aware of the conditions complained of, plaintiff fails to sufficiently allege facts to support the subjective component of his conditions of confinement claim.  Accordingly, the claims against defendants Taylor and Pizario will be dismissed for failure to state a claim.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant plaintiff leave to amend the complaint unless amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein with respect to defendants Taylor and Pizario, plaintiff shall be given leave to amend.

## V.    CONCLUSION

Defendant Camden County Jail will be dismissed as a defendant with prejudice and defendants Taylor and Pizario shall be dismissed without prejudice.  An appropriate order will be entered.


DATED:  January 9, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge